UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV663 TIA |
| ) | |
| STEVEN MOORE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner James Carter's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Petitioner pled guilty to one count of assault in the first degree and was sentenced on November 21, 2000, by the Circuit Court of Pemiscot County, Missouri, to ten years' imprisonment. (Resp. Exh. A at 2072-73). Petitioner appealed the judgment, and on October 31, 2001, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (Resp. Exh. E). Petitioner's motion for reconsideration and/or rehearing was denied by the Circuit Court of Pemiscot County on April 13, 2002. (Resp. Exh. F at 8). Petitioner thereafter filed a pro se a Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.15. (Resp. Exh. F at 89-95). On March 16, 2001, Petitioner's retained counsel filed an amended motion. (Resp. Exh. F).[1] The post-conviction relief court denied Petitioner's first amended motion on March 21, 2002, following an evidentiary hearing. (Resp. Exh. F at 29-36). On May 20,

---

[1]The record does not contain a copy of Petitioner's amended motion. (Resp. Exh. F). Respondent does not dispute the timeliness or validity of Petitioner's post-conviction motion.

2003, the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief motion under Rule 24.035. (Resp. Exh. K). On June 11, 2003, the Missouri Supreme Court denied his Motion for Rehearing and/or Transfer to the Supreme Court. After sustaining his Motion to File Transfer Out of Time, the Missouri Supreme Court denied Petitioner's Application to Transfer on August 26, 2003. On that same day, the Missouri Court of Appeals issued the mandate affirming the denial of petitioner's post-conviction relief motion under Rule 24.035. (Resp. Exh. L). Petitioner pursued no other action in state court.

Petitioner is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri, pursuant to the sentence and judgment of the Circuit Court of Pemiscot County. Petitioner now seeks federal habeas corpus relief. In a pro se petition, Petitioner raises the following grounds for relief:

(1) That he received ineffective assistance of trial counsel in that counsel promised and failed to obtain his release on probation after serving 120 days of his sentence;[2]

(2) That he received ineffective assistance of post-conviction counsel by his counsel's representation that he would receive the 120-day callback: and

(3) That he received ineffective assistance of post-conviction counsel by his counsel's failure to raise a meritorious point on appeal.

In response, Respondent contends that the claims raised in Grounds 2 and 3 of the instant petition are not cognizable in a federal habeas proceeding and should be denied. Respondent further contends that the claim raised in Ground 1 is without merit and should be denied. Respondent concedes that Petitioner has exhausted his claims inasmuch as they have been properly raised in the state courts, or

---

[2]The undersigned addresses Petitioner's Grounds 1, 2, and 3 as one ground inasmuch as the claims contained therein are merely components of the same claim, trial counsel's failure to secure his release, as allegedly promised, on probation after 120 days.

because Petitioner has no available non-futile state remedies by which he could present these claims.

## I.     Non-Cognizable Claims

In his second and third grounds for relief, Petitioner claims that his post-conviction counsel was ineffective for a variety of reasons. Specifically, Petitioner argues that his appointed counsel during the evidentiary hearing on post-conviction relief advised him that he would receive a 120-day callback sentence, and counsel failed to raise a meritorious point on appeal.

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for writ of habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317.

> Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir. 1981).

Petitioner's instant claims that he received ineffective assistance of post-conviction counsel by counsel's failure to properly advise him regarding his sentence and by failing to raise a point on appeal are not cognizable in habeas proceeding. It is well established that such claims do not state

a ground for relief in a federal habeas petition inasmuch as there is no constitutional right to effective assistance of post-conviction counsel. Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994) (citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992)); 28 U.S.C. § 2254(I). Therefore, the claims raised in Grounds 2 and 3 of the instant petition are not cognizable in federal this federal habeas proceeding and should be denied.

## II.     Claims Addressed on the Merits

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 125 S.Ct. 1432, 1438 (2005). A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id. at 1439; Williams, 529 U.S. at 405. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

In Ground 1 of the instant petition, Petitioner claims that he received ineffective assistance of trial counsel in that counsel promised and failed to obtain his release on probation after serving 120 days of his sentence.

Petitioner raised this claim in his pro se and amended motion for post-conviction relief and on appeal of the denial of the motion. (Resp. Exh. F at 29-36, 60-67, and 89-95). In his post-conviction motion and appeal, Petitioner claimed ineffective assistance of trial counsel for his counsel's representation and failure to secure the 120-day callback. Upon review of the claim, the Missouri Court of Appeals opined that consideration of the appeal was made difficult by Petitioner's preparation of the legal file component of the record on appeal in reverse order, not chronological order, and his egregious attempt to articulate points relied on. In particular, the Missouri Court of Appeals noted in its written decision:

> Movant's attempt to assert points relied on is even more egregious. The section of his 'Appellant's Main Brief' that purports to state one or more points relied on has the heading, 'The Points Relied On.' (Emphasis added.) What next appears, as best this court can discern, is a single point relied on that complains the motion court did not consider certain grounds for relief. The point relied on does not assert, however, that the motion court erred; rather it states, "The JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW filed Mar 21, 2002 failed to consider and make a ruling on the ADDITIONAL POINTS RELIED ON contained in the MOVANT-APPELLANT'S SUPPLEMENTAL REPLY BRIEF filed on or about Oct. 20, 2001," followed by a page reference to where in the legal file the document movant asserts was not considered by the trial court appears.
>
> Following the page reference to the legal file are five paragraphs that defy understanding in the context in which they appear. The copy of the document that defendant asserts contained the grounds for relief the motion court failed to consider is titled "MOVANT-APPELLANT'S SUPPLEMENTAL REPLY BRIEF." Although movant's "point relied on" states the document was filed October 20, 2001, the "date-file stamp" on the copy of the document in the legal file denotes filing on "APR 15 2002." The motion court's findings of fact and conclusions of law and judgment denying the Rule 24.035 motion were signed by the motion court judge March 20, 2002. They are stamped as filed on "MAR 21 2002."

> Regardless, a motion court in a post-conviction proceeding is required to issue findings of fact and conclusions of law on issues presented. Issues are presented by means of the motion for post-conviction relief which 'shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence.' Any ground not listed in the motion is waived. The trial court was not required to address grounds not presented by means of a properly filed Rule 24.035 motion or amended motion. The document that sets forth things movant now complains the trial court did not address was neither. No error was committed by the motion court in failing to address grounds included in the document to which movant refers in his point relied on.
>
> Arguably, three of the 'grounds' attempted to be asserted in the illicit document discussed above were the subject of complaints in the amended motion filed on movant's behalf. As this court perceives movant's complaints, Nos. III, IV and V of the subparagraphs that follows movant's 'point,' those subparagraphs recite complaints akin to grounds asserted by movant's amended motion. All three are directed to complaints regarding movant not getting a '120 day call-back' from the sentence imposed in the criminal case. No. III complains that counsel in movant's criminal case was ineffective in failing to obtain a '120 day call-back' from the sentence imposed. No. IV seems to be a statement that since movant did not receive the '120 day call-back,' his plea of guilty was 'non-voluntary.' No. V asks a question, 'Did errors and inacuracies [sic] in the pre-sentence invetigation [sic] report cause the trial to err in failing to order 120 day call-back for [movant]?' The complaints appear to be claims that movant's negotiated plea agreement included the requirement that movant would receive a '120 day call-back' as permitted by § 559.115, RSMo 2000; that this did not occur.

(Resp. Exh. K at 2-4) (internal citations and footnote omitted).

Petitioner's lack of compliance with the strictures of Rule 84.04 setting forth the requirements for points relied on amounted to a failure to preserve any issues for appellate review. Rule 84.04. Nonetheless, *ex gratia*, the Missouri Court of Appeals reviewed the transcripts of Petitioner's guilty plea hearing and the evidentiary hearing in the Rule 24.035 proceeding and set forth the following motion court's findings and conclusions:

> The [motion] court believes the testimony of the plea attorney, and finds that the attorney did not represent to movant or his family that he would receive probation under § 559.114 [i.e., '120 day call-back']. Movant neither proved that his attorney had made such a representation, nor did he prove that he had been misled or

misinformed by his attorney. Even if movant believed that he would receive such probation, there was no reasonable basis for that belief.

The record, including movant's sentencing brief, shows that the complaints about counsel's performance at sentencing are not supported by the evidence. The attorney rendered effective assistance in connection with the sentencing, and movant is not entitled to relief on those claims.

Movant did not prove that he had received ineffective assistance of counsel; nor did he prove that his plea was not voluntarily and knowingly entered. Movant's guilt was established by his plea and the findings of the sentencing court, and he was not denied due process of law. He is not entitled to relief on any of his claims.

(Resp. Exh. K at 4-5)(internal citations omitted).

In affirming the denial of post-conviction relief, the Missouri Court of Appeals opined as follows:

Deference is afforded the motion court on issues of witness credibility. Appellate review of a Rule 24.035 motion is limited to determining whether the findings are clearly erroneous. Findings and conclusions are clearly erroneous if this court is left with a definite and firm impression, after reviewing the entire record, that a mistake has been made. This court is left with no such impression. The motion court's findings and conclusions are not clearly erroneous. The judgment is affirmed.

(Resp. Exh. K at 5).

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States

Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. Id. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. Petitioner must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him his right to a fair trial. Id. Judicial scrutiny of counsel's performance must be highly deferential, and the petitioner must overcome the "strong presumption" that the challenged action might be considered sound trial strategy. Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." Id. In deciding a claim of ineffective assistance

of counsel, the court must examine the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and then "determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 691. In order to satisfy the prejudice prong, Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Missouri courts have consistently held "(i)n considering Rule 24.035 claims of ineffective assistance of counsel, courts must 'view the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration.'" Moore v. State, 39 S.W.3d 888, 893 (Mo. Ct. App. 2001) (quoting Henderson v. State, 977 S.W.2d 508, 511 ((Mo. Ct. App. 1998)). "'[S]crutiny of counsel's performance mut be highly deferential,' and this presumption serves to eliminate 'the distorting effects of hindsight.'" Morrison v. State, 75 S.W.3d 893, 895 (Mo. Ct. App. 2002) (quoting Strickland, 466 U.S. at 689).

In Missouri, a defendant in a criminal case is not entitled to negotiate a "120 day call-back" and such relief may be granted by a sentencing court "only upon its own motion and not that of the state or the defendant." Mo. Rev. Stat. § 559.115.2; *see* Soutee v. State, 51 S.W.3d 474, 476 (Mo. Ct. App. 2001); Bauer v. State, 926 S.W.2d 188, 191 (Mo. Ct. App. 1996) (defendant in a criminal case has no right to request consideration for probation within 120 days). Applying the highly deferential standard to the instant claim, the undersigned finds that the claim is without merit. Petitioner completely overlooks the statutory language mandating that the circuit court may grant probation within 120 days "only upon its own motion and not that of the state of the defendant." Mo.

Rev. Stat. § 559.115.2.

The state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d). Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner James Carter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed April 24, 2004/Docket No. 1) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

Dated this  15th  day of August 2007.

                                                    /s/ Terry I. Adelman
                                                  UNITED STATES MAGISTRATE JUDGE